[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16079
Non-Argument Calendar
_____

D.C. Docket No. 6:98-cr-00206-GKS-KRS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARKEITH LOYD,

Defendant-Appellant.


_____

No. 12-10470
Non-Argument Calendar
_____

D.C. Docket No.  8:99-cr-00377-SCB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK BRADSHAW INGRAM,
a.k.a. Chico,
a.k.a. Delji Tyson,

Defendant-Appellant.

_____

No. 12-10471
Non-Argument Calendar
_____

D.C. Docket No.  8:06-cr-00075-SCB-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMIAH NATHAN WATERS,

Defendant-Appellant.

_____

No. 12-10476
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00558-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN LAWRENCE,

Defendant-Appellant.

_____

No. 12-10501
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00198-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEEOTIS WILSON,

Defendant-Appellant.

_____

No. 12-10547
Non-Argument Calendar
_____

D.C. Docket No.  8:05-cr-00157-RAL-MAP-1

3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL C. DEASE,

Defendant-Appellant.

_____

No. 12-10570
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00304-SCB-MAP-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ANTHONY GOMES,

Defendant-Appellant.

_____

No. 12-10690
Non-Argument Calendar
_____

D.C. Docket No.  6:06-cr-00187-GAP-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE JERALD BROOKS,
a.k.a. Rod,

Defendant-Appellant.

_____

No. 12-10691
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00198-GAP-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAIN DEVON MITCHELL,
a.k.a. Baby Jesus,
a.k.a. Water,

Defendant-Appellant.

5

———————————————

No. 12-10692
Non-Argument Calendar
———————————————

D.C. Docket No.  6:07-cr-00213-GAP-KRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD EDGAR WARTHEN,

Defendant-Appellant.

———————————————

No. 12-10726
Non-Argument Calendar
———————————————

D.C. Docket No.  6:11-cr-00344-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK FINNMARK HADLEY,

Defendant-Appellant.

6

_____

No. 12-10804
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00269-GKS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL BARNETT, JR.,
a.k.a. "G",

Defendant-Appellant.

_____

No. 12-10918
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00213-GKS-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYNANDO GARCIA,

Defendant-Appellant.

_____

No. 12-10946
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00448-VMC-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT EDWARD UNDERWOOD,

Defendant-Appellant.

_____

No. 12-10950
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00399-SCB-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL WILLIAMS,

Defendant-Appellant.

_____

No. 12-10951
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00088-SCB-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMIE LEE FORD, JR.,
a.k.a. Hood,

Defendant-Appellant.

_____

No. 12-10952
Non-Argument Calendar
_____

D.C. Docket No.  8:08-cr-00195-SCB-MAP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKIE SEGARRA,

Defendant-Appellant.

————————————————

No. 12-10985
Non-Argument Calendar
————————————————

D.C. Docket No.  8:93-cr-00228-SCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR ANTONIO ANCHICO-MOSQUERA,
a.k.a. Willie Willie,

Defendant-Appellant.

————————————————

No. 12-11053
Non-Argument Calendar
————————————————

D.C. Docket No.  8:04-cr-00165-SCB-MSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIN UNDERWOOD,
a.k.a. Buck,

Defendant-Appellant.

_____

No. 12-11576
Non-Argument Calendar
_____

D.C. Docket No.  8:07-cr-00365-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TABBIEAN BELLAMY,

Defendant-Appellant.

_____

No. 12-11765
Non-Argument Calendar
_____

D.C. Docket No.  8:01-cr-00253-SCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MICHAEL LEIGH,

Defendant-Appellant.

_____

No. 12-12365
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00263-JA-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID JEROME HOLLIMON,
agent of Bubba,

Defendant-Appellant.

_____

No. 12-12472
Non-Argument Calendar
_____

D.C. Docket No.  8:93-cr-00003-SCB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO IBARRA-MARTINEZ,
a.k.a. William Hidalgo,
a.k.a. Wilson Herrera,

Defendant-Appellant.

_____

No. 12-12494
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00199-JA-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY PEREZ,

Defendant-Appellant.

_____

No. 12-12498
Non-Argument Calendar
_____

D.C. Docket No.  8:04-cr-00352-SCB-MSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WANDA BARTON,
a.k.a. Tiny,

Defendant-Appellant.


_____

No. 12-12553
Non-Argument Calendar
_____

D.C. Docket No.  2:08-cr-00124-JES-DNF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN FREEMAN,

Defendant-Appellant.

_____

No. 12-12647
Non-Argument Calendar
_____

D.C. Docket No.  8:95-cr-00307-SCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES SPIGNER, JR.,

Defendant-Appellant.

_____

No. 12-12648
Non-Argument Calendar
_____

D.C. Docket No.  2:07-cr-00061-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

15

versus

WILLIAM BRUCE REGAN,
a.k.a. Big Man,

Defendant-Appellant.

_____

No. 12-12652
Non-Argument Calendar
_____

D.C. Docket No.  2:06-cr-00127-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JATHANIEL BROOKS,
a.k.a. Reggie Brooks,

Defendant-Appellant.

_____

No. 12-12704
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00014-EAK-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL C. LONDON,
a.k.a. D,

Defendant-Appellant.

_____

No. 12-13141
Non-Argument Calendar
_____

D.C. Docket No.  8:04-cr-00265-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSANNE ERON SIMPSON,
a.k.a. Kevin Smith,

Defendant-Appellant.

_____

No. 12-13222
Non-Argument Calendar
_____

17

D.C. Docket No.  6:11-cr-00325-CEH-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN KNEEOR BROWNLEE,

Defendant-Appellant.


_____

No. 12-13318
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00271-MSS-DAB-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATAVIOUS HAZLEY,
a.k.a. Tay,
a.k.a. Big Mush,

Defendant-Appellant.


18

————————————

No. 12-13446
Non-Argument Calendar
————————————

D.C. Docket No.  2:05-cr-00071-VMC-DNF-14

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN E. FOSTER,

Defendant-Appellant.

————————————

No. 12-13621
Non-Argument Calendar
————————————

D.C. Docket No.  8:08-cr-00342-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ROBINSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 28, 2013)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, thirty-five defendants, each convicted (via a

guilty plea or after trial) and sentenced for one or more crack-cocaine offenses, in

violation of 21 U.S.C. § 841(a), prior to August 3, 2010—the effective date of the

Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372—

appeal the partial grants or denials of their 18 U.S.C. § 3582(c)(2) motions to

reduce sentence based on Amendment 750 to the Sentencing Guidelines.  In

twenty-nine of the cases, the District Court denied the § 3582(c)(2) motion in full,

on the ground that the defendant previously had received the minimum sentence

mandated by statute.  In six of the cases, the District Court granted the defendant's

motion in part and reduced his sentence to the mandatory minimum prison term.

In all thirty-five cases, the court denied further relief on the ground that it lacked

the authority to reduce the defendant's sentence(s) below the mandatory minimum.

On appeal, each defendant advances these arguments: (1) because the FSA

"generated" Amendment 750, the FSA must be applied "in conjunction with"

Amendment 750 in a § 3582(c)(2) proceeding.  Therefore, because the FSA

lowered the mandatory minimum prison term prescribed for defendant's

conviction(s), the court was authorized to further reduce his sentence(s) and  (2)

the Sentencing Commission's 2011 definition of "applicable guideline range"—in

U.S.S.G. § 1B1.10 comment. (n.1(A))—renders defendant eligible for a sentence

reduction "in light of the FSA's statutory and guideline changes," which operate to

lower his  "applicable guideline ranges."  We considered and rejected these

arguments in *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), which was

decided after the appeals in these cases were briefed and controls our decision

here.

> As in these cases,

> Hippolyte's position [was] that both Amendment 750 and the FSA
> apply in [a] § 3582(c) proceeding.  He advance[d] the . . . argument
> that one of the changes made by Amendment 759 to the Sentencing
> Guidelines . . . was to add a brand-new definition of  "applicable
> guideline range" to U.S.S.G. 1B1.10, and that the new definition
> significantly change[d] the way sentencing reductions work under §
> 3582(c).

*Id*., at 538.  He noted that prior to Amendment 759,

> this court had defined the 'applicable guideline range' as 'the scope of
> sentences available to the district court, which could be limited by a

21

statutorily imposed mandatory minimum 'guideline sentence' . . . but that definition [was] obsolete because the Sentencing Commission . . ., in Amendment 759, defined 'applicable guideline range' to include only the offense level and criminal history category, and to exclude any statutory mandatory minimums.

*Id.* at 538-39 (citation omitted).

we [we]re unpersuaded that Hippolyte's interpretation of Amendment 759's new definition of applicable guideline range is correct. Amendment 759 defines the applicable guideline range as 'the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.' U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011). Section 1B1.1(a) prescribes an eight-step procedure for determining the applicable guideline range. Steps one through five determine the defendant's offense level. Step six determines the defendant's criminal history category. Step seven directs use of the Sentencing Table to find the guideline range by cross-referencing the previously-determined offense level and criminal history category. Step eight directs use of Chapter Five Parts B through G to determine various sentencing requirements and options. Section 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). *Thus, when one uses § 1B1.1(a) to determine the applicable guideline range, one necessarily is required to take into account the mandatory minimum sentences that may be statutorily required.*

*Id.* at 540-541 (emphasis in original). We held that the District Court committed

no error in denying Hippolyte's § 3582(c) for reduction of sentence.

Section 3582(c) requires that any sentence reduction be 'consistent with applicable policy statements issued by the Sentencing Commission.' The Sentencing Guidelines explain that a reduction in

the defendant's term of imprisonment is not authorized under 18
U.S.C. § 3582(c)(2) and is not consistent with th[e] policy statement if
. . .an amendment . . .is applicable to a defendant *but the amendment
does not have the effect of lowering the defendant's applicable
guideline range because of* the operation of another guideline or
statutory provision ( *e.g., a statutory mandatory minimum term of
imprisonment*).  *United States v. Glover,* 686 F.3d 1203, 1206 (11th
Cir.2012) (emphasis in original) (quoting U.S.S.G. § 1B1.10 cmt. n.
1(A)).  Amendment 750 has no effect on Hippolyte's sentence because
it did not alter the statutory mandatory minimum sentence Hippolyte
received.

*Id.* at 541-42 (emphasis in original).

After addressing and rejecting Hippolyte's argument—the argument

defendants advance here—we stated that "[w]e agree[d] with every other circuit to

address the issue that there is 'no evidence that Congress intended [the FSA] to

apply to defendants who had been sentenced prior to the August 3, 2010 date of the

Act's enactment.'"  *Id.* at 542.

For the foregoing reasons, the denial of § 3582(c) relief in these cases is

AFFIRMED.

23